HEATHER E. WILLIAMS, Bar #122664
Federal Defender
PEGGY SASSO, CA Bar #228906
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, California 93721-2226
Telephone: (559) 487-5561

Attorneys for Defendant
SABINO RAMOS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SABINO RAMOS,<br><br>Defendant. | Case No. 1:21-cr-00210 JLT-SKO-001<br><br>**STIPULATED MOTION AND ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>RETROACTIVE CRIMINAL HISTORY REDUCTION CASE<br><br>Judge: Unassigned |

Defendant, SABINO RAMOS, by and through his attorney, Assistant Federal Defender Peggy Sasso, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Shelley D. Weger, hereby stipulate as follows:

1. Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable;

2. The United States Sentencing Commission recently amended the Sentencing Guidelines to limit the overall criminal history impact of "status points" by assigning zero status points for offenders with six or fewer criminal history points, and one status point for offenders

with seven or more criminal history points ("status-point provision"). *See* Amendment 821, Part A; *compare* USSG § 4A1.1(d) (2022), *with* USSG § 4A1.1(e) (Nov. 1, 2023). The United States Sentencing Commission made the status-point provision retroactive beginning February 1, 2024. *See* USSG § 1B1.10(e)(2) (Nov. 1, 2023); 88 Fed. Reg. 60534;

3. Mr. Ramos's total offense level was 23. He received 8 criminal history points based on his past criminal convictions and 2 criminal history points pursuant to former USSG § 4A1.1(d) for a total criminal history score of 10, which placed Mr. Ramos in criminal history category V with a recommended guideline range of 84 to 105 months;

4. On June 24, 2022, this Court sentenced Mr. Ramos to a term of 92 months imprisonment;

5. The sentencing range applicable to Mr. Ramos was subsequently lowered by the status-point provision, which reduces his criminal history score to 9, lowering his criminal history category from V to IV, resulting in an amended advisory guideline range of 70 to 87 months;

6. Because Mr. Ramos is eligible for a reduction in sentence, the parties request the Court enter the order lodged herewith reducing Mr. Ramos's term of imprisonment to 87 months.

7. <u>United States' statement regarding its stipulation</u>[1]: The United States enters into this stipulation after reviewing the Presentence Investigation Report ("PSR"), ECF No. 37; the United States' sentencing recommendation, *see* ECF No. 31 at 1; Statement of Reasons ("SOR"); Judgment, ECF No. 39; and defendant's Bureau of Prisons ("BOP") disciplinary history. Based on the relevant factors, including those set forth in 18 U.S.C. § 3553(a), the government agrees to stipulate to a sentence at the high end of the amended range.

Defendant was convicted of being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). Ramos committed the instant offense shortly after being released from a prior prison sentence. *See* PSR at 1 (offense committed on July 8, 2021) and ¶ 43 (released September 15, 2020). Within less than one year after of being released, Ramos was back

---

[1] This statement is provided by the United States in order to give the Court a brief summary the case history and relevant facts and is not part of the parties' stipulation.

engaging in extremely dangerous conduct, including brandishing firearms at an illegal gambling establishment, leading police on a high-speed chase that endangered the lives of others, and possessing numerous firearms some of which he discarded in a public place as he fled from police. *See* PSR ¶¶ 5-16; *see also* PSR at 21-22 (discussing mitigating and aggravating factors of Ramos' offense and history and characteristics).

According to BOP's records, Ramos has sustained two 100-series incidents (the most serious type) during the last year or so of his incarceration: the first was for possession of a hazardous tool (a Motorola cell phone) on March 19, 2024, and the second was for testing positive for buprenorphine and norbuprenorphine on September 2, 2023. Ramos' current projected release date is March 14, 2028.

Respectfully submitted,

Dated:  October 4, 2024

PHILLIP A. TALBERT
United States Attorney

 */s/ Shelley D. Weger*
SHELLEY D. WEGER
Assistant U.S. Attorney
Attorney for Plaintiff
UNITED STATES OF AMERICA

Dated:   October 4, 2024

HEATHER E. WILLIAMS
Federal Defender

 */s/ Peggy Sasso*
PEGGY SASSO
Assistant Federal Defender
Attorney for Defendant
SABINO RAMOS

# ORDER

This matter came before the Court on the stipulated motion of the parties for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree, and the Court finds, that Mr. Ramos is entitled to the benefit of Amendment 821, Part A, the new status point provision, codified at USSG § 4A1.1(e), which reduces his criminal history category from V to IV, resulting in an amended guideline range of 70 to 87 months.

IT IS HEREBY ORDERED that, pursuant to USSG § 1B1.10(b), the term of imprisonment imposed in 2022 is reduced to a term of 87 months.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect. The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

Unless otherwise ordered, Mr. Ramos shall report to the United States Probation Office within seventy-two hours after his release.

IT IS SO ORDERED.

Dated:   **October 9, 2024**

UNITED STATES DISTRICT JUDGE